MARCH 19, 1985

No. A–705. YOUNG *v.* KEMP, WARDEN. Application for stay of execution of sentence of death scheduled for Wednesday, March 20, 1985, presented to JUSTICE REHNQUIST, and by him referred to the Court, denied. JUSTICE STEVENS would grant the application. JUSTICE POWELL took no part in the consideration or decision of this application.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976) (BRENNAN, J., dissenting), I would grant Young's application for a stay of execution. But even if I believed otherwise, I would stay this execution. When Young's jury was selected, jurors opposed to the death penalty were excluded in accordance with the currently permissible *voir dire* process in capital cases. See *Wainwright* v. *Witt*, 469 U. S. 412 (1985). Young claims that this exclusion rendered the resulting jury biased in favor of conviction, thus violating his right to an impartial jury and his right to a jury from which an identifiable segment of the community has not been excluded. Although the Eleventh Circuit has rejected this claim, *Spinkellink* v. *Wainwright*, 578 F. 2d 582, 583–596 (1978), cert. denied, 440 U. S. 976 (1979), the Eighth Circuit sitting en banc has recently held in identical circumstances that the defendant's Sixth and Fourteenth Amendment rights to an impartial jury were violated. *Grigsby* v. *Mabry*, 758 F. 2d 226 (1985). This Court is certain to grant certiorari in the immediate future to resolve the conflict between the Circuits.

Young alleged that his jury was conviction-prone in his first petition for habeas corpus in 1982. Relying on Eleventh Circuit precedent, the District Court denied the claim, and Young did not press the issue before the Eleventh Circuit. This habeas peti-

tion was fully litigated prior to the Eighth Circuit's decision in *Grigsby*. Young now pleads in his second federal habeas petition that the jury at his trial was "stacked" against him in precisely the way condemned by the en banc Eighth Circuit in *Grigsby*. For the reasons stated by JUSTICE MARSHALL in *Witt* v. *Wainwright, ante,* p. 1039 (MARSHALL, J., dissenting), Young's argument that a stay should be granted is compelling. *Sanders* v. *United States,* 373 U. S. 1, 17 (1963), left no doubt that a claim raised for the first time in a second or later habeas petition should receive full consideration if "the ends of justice" demand. There is no justice in sending Young to his death without the benefit of the full consideration of his claim that will surely come when this Court grants certiorari to decide the *Grigsby* issue.